UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEN EARL SIMS,<br><br>Defendant. | Case No. 4-5529<br><br>ORDER DENYING MOTION FOR EVIDENTIARY HEARING ON CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL |

Before the court is the motion of Defendant Glen Earl Sims for an evidentiary hearing on his claim for ineffective assistance of trial counsel. Defendant was convicted by a jury in February 2005 and is currently pending sentencing for being a felon in possession of a firearm and body armor, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense. Defendant alleges in the instant motion that his previous trial counsel should have filed a pretrial motion to suppress evidence and was ineffective in not doing so.

The federal habeas corpus statute provides the appropriate procedure for federal prisoners to assert certain claims by way of collateral attack, including claims of ineffective assistance of counsel. 28 U.S.C. § 2255. In general, § 2255 is the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention. *Ivy v. Pontsesso*, 328 F.3d 1057, 1059 (9th Cir. 2003

ORDER - 1

(quoting *Lorentson v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). A prisoner may proceed under § 2241, however, if he can show that the 'remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention. *Ivy*, 328 F.3d at 1059.

Defendant seeks an evidentiary hearing to make a record so that he may litigate the ineffective assistance issue in his direct appeal. Presumably, proceeding under § 2255 is inadequate and ineffective because it forces him to choose between either sacrificing his direct appeal to expedite his § 2255 claim or remaining incarcerated pending appeal and bringing his ineffective assistance claim only after the appeal is complete. The court does not agree. The delay resulting from the fact that this court will not review Defendant's § 2255 motion until the direct appeal is resolved does not render such a motion inadequate or ineffective. *United States v. Pirro*, 104 F.3d 297, 298 (9th Cir. 1997).

ACCORDINGLY,

IT IS ORDERED:

(1)  Defendant's motion for evidentiary hearing (Dkt.# ) is **DENIED**.

DATED this 9th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2